IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DARIN CATES                )
                           )
v.                         )   No. 1:21-0024
                           )
KILOLO KIJAKAZI[1]         )
Commissioner of Social Security )

To:   The Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for Supplemental Security Income ("SSI"), as provided under Title XVI of the Social Security Act. The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 23), to which Defendant has filed a response. (Docket No. 24.) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. (Docket No. 4.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 23) be **DENIED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for former Commissioner Andrew Saul as the defendant in this lawsuit.

# I. INTRODUCTION

Plaintiff filed an application for SSI on March 30, 2018. (Transcript of the Administrative Record (Docket No. 20) at 76.)[2] He asserted that, as of the alleged disability onset date of April 2, 2017, he was unable to work because of chronic obstructive pulmonary disease, shortness of breath, diabetes, swelling of the hands and ankles, foot numbness and tingling, thyroid problems, high blood pressure, gastrointestinal bleeding, morbid obesity, and chronic lower back pain. (AR 76, 104.)[3] Plaintiff's application was denied initially and upon reconsideration. (AR 76, 87.) Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with a representative and testified at a hearing before ALJ Gary Suttles on October 2, 2019. (AR 33.) The ALJ denied the claim on November 1, 2019. (AR 17-19.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 5, 2021 (AR 5-8), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ's unfavorable decision included the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since March 30, 2018, the application date (20 CFR 416.971 *et seq*.). There is some evidence the claimant continued to work as late as 6/20/18, in the construction field based upon a medical report on that date stating that "he does construction and was out in the sun for the last week and a half." (Exhibit 5F, p.134). There is no indication such work activity reached the substantial gainful activity level. However, I still may consider such evidence in assessing the severity of the claimant's alleged impairments, his functional ability and disability.

---

[2] The Administrative Record will be referenced by the abbreviation "AR" followed by the corresponding black Bates-stamped numbers on the bottom right corner of each page.

[3] The Commissioner also identified a hernia, ear problems, kidney problems, and substance use as part of the disability assessment. (AR 104.)

2. The claimant has the following severe impairments: obesity, chronic obstructive pulmonary disease ("COPD"), and degenerative disc disease ("DDD") (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1. (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). He can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand or walk four of eight hours each and sit six of eight hours for a full eight-hour day. He has unlimited push/pull and gross/fine dexterity except for occasional push/pull with the lower extremities, bilaterally. He can occasionally climb ramps or stairs but no ladders, ropes or scaffolds, and he cannot run. He can occasionally bend, twist, balance, crawl, crouch, kneel, and stoop, but cannot squat. He requires occasional exposure to dust, fumes, gases, and chemicals and no exposure to heights, dangerous machinery or uneven surfaces. There is no mental impairment.

5. The claimant is unable to perform any past relevant work. (20 CFR 416.965).

6. The claimant was born on July 3, 1967, and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 30, 2018, the date the application was filed through the date of this decision (20 CFR 416.920(g)).

(AR 22-28.)

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020) (internal citations omitted). If substantial evidence supports the ALJ's decision, that decision will be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, the ALJ's decision must be affirmed if his or her "findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled and eligible for SSI. 20 C.F.R. § 416.920(a). If the issue of disability can be

4

resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, he is not disabled. *Id.* Second, the claimant is not disabled if he does not have a severe medically determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if he suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if, based on his residual functional capacity ("RFC"), he can perform past relevant work. *Id.* Fifth, if the claimant can adjust to other work based on his RFC, age, education, and work experience, he is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019) (citing *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991)). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

**B. The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that Plaintiff's RFC allowed him to perform a full

5

range of work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 22-28.)

### C. Plaintiff's Assertions of Error

Plaintiff presents two assertions of error: (1) that the ALJ failed to properly consider the evidence of record in formulating the RFC; and (2) that the ALJ failed to properly evaluate Plaintiff's subjective complaints regarding the severity of his symptoms. (Docket No. 23-1 at 10-14.) Based on these alleged errors, Plaintiff requests that the Court reverse the Commissioner's decision and award benefits to Plaintiff or, alternatively, remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for additional consideration. (*Id*. at 15.)

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The Court addresses Plaintiff's assertions of error as follows.

**1. The RFC.**

Plaintiff first asserts that the ALJ committed reversible error by failing to include a function-by-function assessment in the administrative opinion, in violation of Social Security Ruling ("SSR") 96-8, which states that when evaluating a claimant's exertional and nonexertional capacities, "[e]ach function must be considered separately[.]" 1996 WL 374184, at *5 (July 2, 1996).[4] Plaintiff also suggests that the ALJ improperly failed to include additional limitations in the RFC relating to Plaintiff's back and hip impairments.

Plaintiff's cursory argument provides no basis on which to reverse the ALJ's RFC formulation. While SSR 96-8p requires the ALJ to "assess [the claimant's] work-related abilities on a function-by-function basis," 1996 WL 374184, at *1, this "does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citation omitted); *see also Al-Khalili v. Astrue*, No. 3:12-cv-0347, 2013 WL 4500326, at *10 (M.D. Tenn. Aug. 20, 2013), *report and recommendation adopted*, 2015 WL 509980 (M.D. Tenn. Feb. 6, 2015) ("This Circuit does not require a step-by-step narrative of a claimant's functional limitations."). The Sixth Circuit has also noted that there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion," and that an ALJ "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* at 547-48 (internal citation omitted). Because Plaintiff does not cite any precedent to the contrary – or file a reply brief to respond to Defendant's

---

[4] Exertional capacities include lifting, carrying, standing, walking, sitting, pushing, and pulling. Nonexertional capacities include manipulative, postural, visual, communicative, and mental functions. SSR 96-8p, 1996 WL 374184, at *5-6.

discussion of such applicable precedent in its brief (Docket No. 24 at 6) – his argument is unavailing.

Plaintiff's additional argument that the ALJ omitted necessary limitations from the RFC fares no better. Plaintiff claims that "MRI results confirm the presence of degenerative disc disease and shows [sic] a long history of this condition." (Docket No. 23-1 at 11.) It is true that imaging studies from 2019 cited by Plaintiff revealed the presence of *mild* degenerative disc disease without evidence of an acute fracture (AR 531), which is evidence that the ALJ acknowledged and discussed in detail. (AR 22, 25.) Plaintiff does not explain, however, why the only other two medical notes he references – one documenting admission to the hospital for gastrointestinal bleeding (AR 235) and the other an emergency room note in which he complains of leg pain but explicitly denies that it is related to degenerative disc disease (AR 569) – support the inclusion of any additional functional limitations in the RFC.

Similarly unpersuasive is Plaintiff's citation to two records that "confirm[] the presence of degenerative changes in his hip, which affect his ability to walk and stand." (Docket No. 23-1 at 11.) These records confirm only the existence of degenerative changes without "acute bone findings," as well as a normal range of motion. (AR 623, 644.) There is no mention in either note of walking difficulties, which is consistent with numerous records documenting a full range of motion and a normal gait. (AR 427, 453, 476, 529, 623.) Plaintiff fails to identify any evidence that would necessitate restrictions stemming from his hip condition.

The ALJ in this case provided a thorough discussion of objective medical evidence, including imaging reports and clinical findings, before concluding that Plaintiff can perform a range of light work despite his physical impairments. (AR 22-23, 25-26.) The few records cited by Plaintiff do not in any way establish that the ALJ's RFC formulation is not supported by substantial

evidence, which is Plaintiff's burden of proof. *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 540 (6th Cir. 2014) ("Merely marshalling evidence to suggest that he is disabled, however, is insufficient; to prevail on appeal, Peterson must demonstrate that the ALJ's determination that he was not disabled is not supported by substantial evidence."). Accordingly, the Court rejects this assertion of error.

**2. Subjective Complaints.**

Plaintiff next challenges the ALJ's finding that Plaintiff's statements regarding the severity of his allegedly disabling symptoms were "not entirely consistent with the medical evidence and other evidence in the record[.]" (AR 25.) When a claimant alleges the existence of disabling symptoms, the ALJ is required to evaluate the claimant's symptoms pursuant to a two-step process formulated by the Sixth Circuit in *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986). The ALJ must first determine whether there is objective medical evidence of an underlying condition and, if so: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain. *Id.* at 853.

The Commissioner later incorporated this standard into Social Security Ruling ("SSR") 16-3p, which mandates that the ALJ evaluate a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (October 25, 2017). This evaluation is based on seven factors that include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the alleged pain or other symptoms; (3) any precipitating or aggravating factors; (4) the type, dosage, effectiveness, and

9

side effects of any medication the claimant uses; (5) the claimant's non-medication treatment; (6) any measures other than treatment the claimant employs to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7-8 (citing 20 C.F.R. § 404.1529(c)(3)). The precursor to SSR 16-3p, SSR 96-7p, required the ALJ to make a "credibility" determination based on the claimant's statements regarding the limiting effects of his alleged symptoms. 1996 WL 374186, at *3 (July 2, 1996). Although the Commissioner removed any reference to "credibility" in SSR 16-3p, there is no substantive change in the ALJ's analysis, and the case law pertaining to credibility evaluations under SSR 96-7p remains applicable. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character"); *see also Young v. Berryhill*, No. 3:17-cv-395, 2018 WL 1914732, at *6 (W.D. Ky. April 23, 2018) ("The analysis under SSR 16-3p otherwise is identical to that performed under SSRI 96-7p."). As such, district courts continue to accord "great weight and deference" to an ALJ's determination regarding the consistency of a claimant's allegations, *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011), and claimants seeking to overturn the ALJ's decision still "face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005).

      Substantial evidence supports the ALJ's determination that Plaintiff's allegations were not entirely consistent with the evidence of record. The ALJ highlighted imaging reports showing only mild degenerative changes in Plaintiff's back and hip and noted that multiple state agency physicians found that Plaintiff suffered from no severe impairments at all. (AR 25-26.) The ALJ also emphasized Plaintiff's reliance on only non-prescription Tylenol to treat his symptoms (AR 25, 48), which weighs against Plaintiff's complaints of disabling pain. *See Blacha v. Sec'y of*

*Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("[Plaintiff's] use of only mild medications (aspirin) undercuts complaints of disabling pain[.]") (citing *Kimbrough v. Sec'y of Health and Human Servs.,* 801 F.2d 794, 797 (6th Cir. 1986)). Additionally, the ALJ discussed the mild findings documented in Plaintiff's treatment records, which showed no joint swelling, tenderness, or significant decrease in range of motion, a normal gait, negative straight leg raise testing, and normal strength bilaterally. (AR 23, 25.) The ALJ also noted that despite Plaintiff's claim of shortness of breath impairing his ability to work (AR 189), examination findings and objective testing relating to this condition revealed clear lungs and only mild pulmonary restriction. (AR 26, 330, 377, 452-53, 570, 681.) These findings further support the ALJ's determination, *see Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) ("The ALJ sufficiently explained that … records failed to reveal the type of significantly abnormal findings that would qualify a patient as disabled."), as does the ALJ's reference to Plaintiff's decision to continue smoking cigarettes despite treating providers repeated admonitions to stop. (AR 26, 378, 394, 410.) *See Brown v. Soc. Sec. Admin.*, 221 F.3d 1333 (table), No. 99-5719, 2000 WL 876567, at *1 (6th Cir. June 22, 2000) ("Although Brown suffers from chronic obstructive pulmonary disease, his heavy smoking habit indicates that the condition is not disabling."); *see also Smith v. Comm'r of Soc. Sec.*, No. 14-11804, 2015 WL 4617073, at *11 (E.D. Mich. July 31, 2015) ("The Sixth Circuit has generally held that the ALJ may consider whether a claimant has followed a physician's advice to quit smoking when evaluating the claimant's credibility, particularly when quitting will improve recovery of the allegedly disabling condition.").

Notwithstanding such analysis, Plaintiff argues that the ALJ was not permitted to "discount allegations of symptoms based on a lack of objective findings." (Docket No. 23-1 at 14.) However, the ALJ did not base his decision solely on the absence of objective findings, but instead

considered this lack of evidence in conjunction with the opinions of two physicians who determined that Plaintiff could perform a full range of work at all exertional levels (AR 25-26), as was appropriate. *See Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (holding that two medical opinions finding that claimant could perform light work coupled with a lack of objective medical evidence to support claimant's allegations of disabling pain provided substantial evidence for ALJ's adverse credibility finding). Plaintiff is correct that the ALJ improperly cited the lack of treatment between April 2016 and June 2018 as part of the credibility finding since this gap was reportedly caused by Plaintiff's inability to afford treatment (AR 25-26, 329), which is a reasonable justification for failing to seek treatment. *See Miller v. Berryhill*, No. 3:17-cv-01439, 2019 WL 1429259, at *14 (M.D. Tenn. Mar. 29, 2019) ("[I]f a claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law, even if the condition would otherwise be remediable through treatment.") (quoting *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990)). Nevertheless, considering the substantial additional evidence discussed by the ALJ elsewhere in the administrative opinion to support the credibility determination, the Court finds that this lone error in the ALJ's analysis does not rise to the level of reversible error. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) ("[H]armless error analysis applies to credibility determinations in the social security disability context.").

The ALJ relied on specific evidence to support his conclusion that Plaintiff's subjective complaints were not entirely consistent with the record, including objective imaging reports, mild examination findings, and Plaintiff's failure to comply with recommendations to stop smoking. Given such support, as well as the significant deference that must be afforded the ALJ's credibility determination, *see Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016)

12

Case 1:21-cv-00024   Document 25   Filed 07/25/22   Page 12 of 13 PageID #: 793

("[W]e affirm if the ALJ's determination is reasonable and supported by substantial evidence.") (internal citation and quotations omitted), the Court finds no reversible error in the ALJ's finding. This assertion of error is therefore rejected.

## V. RECOMMENDATION

For all these reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 23) be DENIED and the Commissioner's decision be affirmed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

13

Case 1:21-cv-00024   Document 25   Filed 07/25/22   Page 13 of 13 PageID #: 794